## John T. Smith *vs.* John M. Way.

A written contract reciting that whereas it has been agreed that judgment shall be entered for the defendant in a certain suit at law, and that the defendant has agreed to receive in full satisfaction thereof a note of the plaintiff for a certain sum payable at a future time, " now I, A. B., the attorney for the said defendant, hereby acknowledge having received said note and do stipulate and agree that said execution shall not be put in force in any way against the defendant until the maturity of said note, and do further agree that if said note is paid at or before its maturity I will discharge and wholly release the said judgment and execution on the dockets of said court," and signed " A. B., attorney for the defendant," is the personal contract of the attorney, and shows upon its face a sufficient consideration; and in an action upon the same, after a breach thereof by an arrest of the plaintiff upon the execution, the measure of damages must be limited to the amount of the judgment with costs paid or to be paid in satisfaction thereof, and to obtain his discharge from the arrest.

CONTRACT upon the following written instrument :

" Whereas it has been agreed by and between the parties plaintiff and defendant in a writ of review entitled John T. Smith *vs.* George W. Palmer & another, numbered 3098 on the docket of the superior court for the county of Suffolk, that judgment may be entered for the defendants in review, and that the said defendants have agreed to receive in full satisfaction of said judgment the said plaintiff's note for $185, dated November 1st 1860,

payable in six months from date, when said note is paid, **now I,** John M. Way, the attorney for the said defendants, hereby acknowledge having received said note, and do stipulate and agree that said execution shall not be put in force in any way against the defendant [plaintiff] until the maturity of said note and for one week thereafter, and do further agree that if said note is paid at or before its maturity, or within one week thereafter, I will discharge and wholly release the said judgment and execution on the dockets of said court. And if said note is not promptly paid, the said Palmer & another are in no way to be affected by this agreement or the judgment or execution. But if paid as aforesaid, then the said judgment is to be fully discharged, and also the execution.　　　　　　John M. Way,

　　　　　　" Attorney for Palmer & another."

At the trial in the superior court, before *Allen,* C. J., it appeared that the plaintiff duly paid the note mentioned in the above agreement at maturity, and that he was arrested on the execution, in pursuance of directions given by the defendant Way, and entered into a recognizance under the statute. The judge instructed the jury that the contract was the contract of this defendant, and not of Palmer & another; that the plaintiff's promise to pay his note of $185 was a sufficient consideration for this contract; that the jury were not limited in damages to the amount of the judgment, execution, interest and costs, which the defendant agreed to discharge, and upon which execution the plaintiff was arrested; but that they were at liberty to return any amount as damages, from nominal damages to three hundred dollars, that being the *ad damnum* in the plaintiff's writ.

The jury returned a verdict for the plaintiff, with damages in the sum of two hundred and fifty dollars; and the defendant alleged exceptions.

*E. M. Bigelow,* for the defendant.

*J. D. Thomson,* for the plaintiff. The jury might properly take into consideration the circumstances under which the contract was broken. 2 Greenl. Ev. § 272, and cases cited. *Coppin* v. *Braithwaite,* 8 Jur. 875. *Vanderslice* v. *Newton,* 4 Comst. 130. If otherwise, the excess above the amount of the execution and

costs may be remitted. *Pierce* v. *Wood*, 3 Fost. (N. H.) 519 This however should not be done, if, under another form of declaration, the plaintiff might maintain the verdict. *Mayfield* v. *Wadsley*, 3 B. & C. 367.

MERRICK, J. The agreement upon which the present action was brought was in effect a contract to indemnify the plaintiff, Smith, against the judgment of Palmer & another against him, upon condition that he should make payment of his said note within the time named. It was the personal contract of said Way, and was made upon good and sufficient consideration. The ruling of the presiding judge at the trial of this action was to that effect, and was therefore right. It appears that Smith did afterwards duly pay the said note, and Way did not discharge or cause to be discharged the said judgment; but that an execution was sued out thereon, and was subsequently served by the arrest of the defendant therein. There was, therefore, a breach of the contract and agreement on the part of Way, and he became liable to Smith for an amount sufficient fully to indemnify him against said judgment and execution. Such indemnity is a sum equal to the amount of the judgment and execution; and the damage to which said Smith was subjected by the service thereof upon him was a sum equal to that amount, together with interest upon the money he was thereby compelled to pay. This is the whole of the natural and proximate consequences of the failure and omission of Way to fulfil his contract to discharge the judgment, and it is all that the plaintiff is entitled to recover in the present action. That will put him in the same position in which he would have stood if he had not been injured. 2 Parsons on Con. 432. 2 Greenl. Ev. § 256. The instructions asked for by the defendant upon the subject of damages ought therefore to have been given to the jury; and consequently the instruction that they were at liberty to return any amount as damages, from mere nominal damages to three hundred dollars, the *ad damnum* in the writ, was erroneous.

The exceptions to this latter instruction must therefore be sustained, and a new trial ordered. On a future trial, the plaintiff must be limited in the amount of damages to be recovered

to the amount of the judgment of Palmer and others against him, with an addition thereto of the costs to which he was subjected by the service of the execution and the interest on the money paid or to be paid in satisfaction of said execution, and to obtain his discharge therefrom.